IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DUSTIN FRIEND,

    PLAINTIFF,

VS                            CASE NO. _____

J.C. CHRISTENSEN & ASSOCIATES, INC.,

    DEFENDANT,

## COMPLAINT

    Plaintiff is a resident and citizen of the State of Alabama and is over the age of twenty-one (21) years.

    Defendant is an entity purporting to be a debt collection agency under the name of J.C. Christensen & Associates, Inc., but nevertheless is registered with the Alabama Secretary of State as "Alltran Health, Inc., with a registered agent for service of process at The Corporation Company, 60 Commerce St., Montgomery, AL   36104.   At all times pertinent hereto, said Defendant was and is doing business in the State of Alabama.

    Venue is proper in this cause as it involves federal question jurisdiction. Plaintiff brings this action for violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), *et seq.*   Plaintiff also brings this action under various State common law causes of action as hereinbefore set forth.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

    1.   Plaintiff adopts the averments and allegations of each and every paragraph hereinbefore as if more fully set forth herein.

2.   Defendant engaged in collection activities in violation of the FDCPA with respect to Plaintiffs alleged debt. The Defendant has violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt that was not validated.

3.   The Defendant has violated the FDCPA, 15 U.S.C. 1692g by failing to provide Plaintiff with a written notice within five days after its initial communication.

4.   The Defendant has violated the FDCPA, 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

5.   The Defendant has violated the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

6.   The Defendant has violated the FDCPA, 15 U.S.C. 1692c (b) by communicating with any person other than the consumer in connection with the collection of a debt.

7.   The Defendant has violated the FDCPA, 15 U.S.C. 1692d(l) by threatening to use other criminal means to harm the physical person, reputation or property of any person.

8.   The Defendant has violated the FDCPA, 15 U.S.C. 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

9.   The Defendant has violated the FDCPA, 15 U.S.C. 1692e(4) by falsely representing that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure of any property.

10.   The Defendant has violated the FDCPA, 15 U.S.C. 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

11. The Defendant has violated the FDCPA, 15 U.S.C. 1692f(1 )by attempting to collect any amount that is not authorized by the agreement creating the debt or permitted by law.

12. The Defendant has violated the FDCPA, 15 U.S.C. 1692f(6)(A) by threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest.

13. The Defendant has violated the FDCPA, 15 U.S.C. 1692f(6)(B) by threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property.

14. The Defendant has violated the FDCPA, 15 U.S.C. 807(3) by falsely implying that it is an attorney and that it is conducting a pre-legal investigation and other representations that would lead the Plaintiff to believe that it is a law firm, when in fact it's name is listed as a "previous name" with the Alabama Secretary of State.

15. The Defendant has violated the FDCPA, 15 U.S.C. 807(14) by using false names in an attempt to collect a debt from Plaintiff.

16. As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

COUNT TWO
INVASION OF THE RIGHT OF PRIVACY

17. Plaintiff adopts the averments and allegations of each and every paragraph hereinbefore as if fully set forth herein as if more fully set forth herein.

18. Defendant undertook and/or directed a series of communications to the Plaintiff constituting an invasion of privacy, as set out and described in the Common Law of the State of Alabama.   Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy

after repeated requests that the Defendant no longer contact him. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

19. Said invasions were intentional, willful, malicious and violated the Plaintiff's privacy. Plaintiff avers that the communications were made by various individuals who were the employees of and acting on behalf of and at the direction of the Defendant herein.

20. Said communications constitute the wrongful intrusion into the Plaintiff's private activities, as well as an intentional intrusion into his solitude and seclusion.

21. As a proximate consequence of said invasion of the right of privacy, Defendant caused the Plaintiff to suffer worry, fright, fear, humiliation, loss of sleep, anxiety, nervousness, physical pain and sickness and mental anguish.

22. Plaintiff claims actual damages and other items of damages caused as a result of Defendant's violations. Actual damages include physical pain, mental anguish, mental pain, emotional pain and anguish.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff adopts the averments and allegations of each and every paragraph hereinbefore as if fully set forth herein.

24. Defendant's conduct constitutes an intentional infliction of emotional distress, in violation of the common laws of the State of Alabama.

25. Said actions were willfully and intentionally undertaken, knowing that same were designed to abuse, coerce, and create great mental anguish, physical anguish, great inconvenience, chagrin, embarrassment, physical sickness, great loss of sleep, great illness, weakness, and sickness, and caused the Plaintiff to suffer great fear, fright and humiliation.

26. As a proximate cause of said intentional infliction of emotional distress, the Plaintiff suffered great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish, and fright.

### AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant as follows:

1)	For compensatory damages;

2)	For actual damages;

3)	For statutory damages;

4)	For attorney's fees and costs;

5)	For injunctive relief.

6)	For any other relief the Court deems proper.

### JURY DEMAND

Plaintiff demands a trial by jury in this cause.

/s/ JERRY O. LORANT
JERRY O. LORANT (ASB-8235-n60j)
ATTORNEY FOR PLAINTIFF

LORANT LAW PC
14 Office Park Circle, Ste 115
Mountain Brook, AL   35223
Telephone: (205) 445-1385

PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL AT:

The Corporation Company
60 Commerce St.
Montgomery, AL    36104-3530